WILLIAM R. WOOD, APPELLANT, V. CHARLES H. BURKHARDT ET AL., APPELLEES.

291 N. W. 98

FILED MARCH 15, 1940. No. 30785.

*Golden P. Kratz* and *C. S. Wortman,* for appellant.

*R. P. Kepler,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

In a foreclosure action upon a house and lot in Sidney, Nebraska, a counterclaim for rent was filed by the defendants for an offset in the amount of $2,095.20. District judge found $2,483.18 due on the mortgage, and decreed foreclosure, and allowed $1,233.18 as the offset. Plaintiff appealed.

Plaintiff filed petition for the foreclosure of a mortgage, dated June 10, 1925, due in five years, signed by Elizabeth Burkhardt, who has since died, and the defendant Charles H. Burkhardt, her husband. The mortgage was in the

amount of $1,600, for 7 per cent. interest until maturity and 10 per cent. thereafter. The mortgage was secured on lot 10, block 1, Clarkson's addition to Sidney, Cheyenne county, Nebraska.

The petition recites that three payments, totaling $350, were made upon the principal, and four payments made on the interest; that the mortgagors permitted the taxes to become delinquent for the years 1934, 1935, and 1936, and after they were advertised the plaintiff purchased a treasurer's tax certificate for said taxes, paying therefor the sum of $237.10. Foreclosure is brought for $1,250, balance of the principal on the note, with 10 per cent. interest, and upon the tax certificate, together with $73.75 subsequent taxes paid for the year 1937, and that, upon failure of the defendants to pay the sums found due, with interest, the property be sold. Later a supplemental petition was filed, setting up that the plaintiff had paid $17.76 as the premium on an insurance policy, which additional sum, with 10 per cent. interest from January 7, 1939, he demands to be paid as a part of the mortgage foreclosure.

The answer filed by Charles H. Burkhardt and the children of his deceased wife, as defendants, admits the giving of the mortgage, denies the amount due thereon is correctly stated in plaintiff's petition, and for a counterclaim states that the plaintiff lived in the premises and occupied a room in the basement, which was supplied with heat, light and water, and that the reasonable value of the rental was $7.50 a month from July 1, 1920, to October 17, 1938, and that the rental due therefor is $1,661.45. Defendants further allege that, immediately after the death of the wife, plaintiff was placed in possession of one additional room, with storage space in a third room, with heat, light, and water, which he continued to use from December 23, 1933, to the 17th day of October, 1938, and that the space so occupied was worth $7.50 a month in addition to the rental for the first room hereinbefore set out, and that for such additional space he owes the full sum of $433.75, or in all the plaintiff is indebted for room rent in the sum of $2,095.20, for which

amount defendants pray judgment, together with 6 per cent. interest from October 17, 1938, and costs. The reply was a general denial.

The decree entered by the trial court found that the amount due upon said mortgage and upon said tax sale certificate, and the premium on the insurance policy purchased, with interest on the several items, amounted to the full sum of $2,483.18. The court further found that the amount due from the plaintiff as rent for the rooms occupied by him in the mortgaged premises is $1,233.18, which should be set off and deducted from the amount due on the note and mortgage, and directed that in default of the payment of the balance of $1,250, the difference between the two, the property be sold.

The errors relied upon for reversal by the plaintiff were based upon the improper admission of evidence and improper refusal of evidence offered by plaintiff, and the argument was devoted to the fact that the allowance made on the counterclaim for rent was greatly excessive under the evidence.

There appears to be no dispute on any legal proposition between the parties. The evidence shows that Mrs. Burkhardt endeavored to take care of the payments due on the note and mortgage so long as she lived, but that after her death nothing more was paid, and the taxes were allowed to become delinquent. The property stood jointly in the name of Mr. and Mrs. Burkhardt, and she was his second wife.

There is nothing in the decree which gives any clue whatever as to how the court arrived at the offset of $1,233.18 allowed for rent of the premises occupied by Mr. Wood, and therefore it is necessary to examine the entire evidence in relation to that matter. This appears to be an ordinary one-story house, with full basement. Plaintiff occupied the northeast room in the basement, size 10 by 14 feet, and after Mrs. Burkhardt died Mr. Burkhardt moved down into the basement too, so he could rent the entire upstairs, and they built beaver-board walls to make a small room, about

8 by 10 feet, in the southeast corner in the basement, similar to the one occupied by Mr. Wood. This left a larger room between these two rooms, into which the defendant moved his furniture from upstairs. This third room in the basement was occupied by the tenants of the basement jointly, as there was a stove and cupboards and dishes available to either, although it is not shown that plaintiff made much use of the middle room, and he had a key to the other bedroom, and kept a trunk and other things in there at times. The whole upstairs of the house and the west half of the basement were rented by Burkhardt for $20 a month. Mr. Burkhardt on the witness-stand said he asked $15 a month for the two rooms occupied by the plaintiff after the wife died.

We have no clue whatever to the method by which the trial judge arrived at the amount of $1,233.18 rent as an offset to be credited upon the amount due plaintiff on the mortgage. However, the trial court finds in its decree that plaintiff was not indebted to the defendants for anything prior to December 22, 1933, which was the date of the death of the wife, Elizabeth Burkhardt.

Plaintiff occupied the rooms in the basement up to October 17, 1938, which would be a period of approximately four years and ten months, and without considering any interest for these unpaid rents due monthly, it would amount to an allowance of over $21 a month for rent, which is too much when the entire upstairs of this house rented for but $20 a month.

The court is convinced that $740, including interest to March 15, 1939, the date of the decree, would be ample rent for the accommodations used by the plaintiff in the basement.

This court finds that plaintiff is indebted to the defendants for rental on that portion of the basement rooms occupied by plaintiff in the sum of $740, which amount should be set off against the amount found due on plaintiff's note and mortgage. As thus modified, decree is affirmed.

AFFIRMED AS MODIFIED.